IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

| | |
|---|---|
| ALAYNA D'ANGELO, | : No.: |
| Plaintiff, | : |
| v. | : |
| HAROLD BOLTON, SEA BOX, INC., UNITED PARCEL SERVICE, INC., and JOHN DOES 1-15 (fictitious designations), | : COMPLAINT WITH JURY DEMAND |
| Defendants. | : |

## PARTIES

1.   Plaintiff, Alayna D'Angelo, is an adult individual residing at 155 North Lincoln Avenue, Newtown, County of Bucks and the Commonwealth of Pennsylvania.

2.   Defendant, Harold Bolton, is an adult individual residing at 416 Pearl Street, Dunellen, County of Middlesex and the State of New Jersey.

3.   Defendant, Sea Box, Inc., is a New Jersey corporation with its principal place of business located at 1 Sea Box Drive, Cinnaminson, County of Burlington and the State of New Jersey.

4.   Defendant, United Parcel Service, Inc., is a Delaware Corporation with its principal place of business located at 55 Glenlake Parkway, N.E., Atlanta, County of Fulton, Georgia.

5.   Defendant, John Does 1-15, are fictitious designations whose residences, corporate information and/or principal places of business are currently unknown.

## JURISDICTION

6.   Paragraphs 1 through 5 are incorporated herein by reference.

7. Original jurisdiction is conferred pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest, and the action is between citizens of different states.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district where the crash occurred.

## FACTUAL ALLEGATIONS

9. Paragraphs 1 through 8 are incorporated herein by reference.

10. On or about August 4, 2015, Plaintiff, Alayna D'Angelo, was operating her motor vehicle on Lawrence Road, also known as Route 206, at or near Green Avenue, in the Township of Lawrence, County of Mercer and State of New Jersey.

11. At or about the same time and place, Defendant, Sea Box, Inc., was the owner of a commercial motor vehicle which was being operated by Defendant, Harold Bolton, as agent, servant, and/or employee of Defendant, Sea Box, Inc., and/or Defendant, John Does 1-5 (fictitious designations), and/or otherwise with the knowledge, consent and/or permission of Defendant, Sea Box, Inc., and/or Defendant, John Does 1-5 (fictitious designations), on Lawrence Road, also known as Route 206, at or near Green Avenue, in the Township of Lawrence, County of Mercer and State of New Jersey.

12. At present, the identity(ies) of Defendants, John Does 1-5, are unknown. As such, John Does 1-5 are fictitious designations representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies), corporation(s), and/or the agents, servants or employees of the aforesaid entities, which in any way owned, possessed, controlled, entrusted, insured, hired for and/or maintained any motor vehicle(s) which caused or contributed to the crash at issue herein, or who were

otherwise responsible, in whole or in part, for the said crash or the injuries sustained by the plaintiff.

13. At or about the same time and place, Defendants, United Parcel Service, Inc., and/or John Does 6-10 (fictitious designations), was/were the owner(s) of commercial motor vehicle(s) which was/were being operated by Defendants, John Does 11-15, as agent, servant, and/or employee of Defendants, United Parcel Service, Inc., and/or John Does 6-10, and/or otherwise with the knowledge, consent and/or permission of Defendants, United Parcel Service, Inc., and/or John Does 6-10 (fictitious designations), on Lawrence Road, also known as Route 206, at or near Green Avenue, in the Township of Lawrence, County of Mercer and State of New Jersey.

14. At present, the identity(ies) of Defendants, John Does 6-15, are unknown. As such, John Does 6-15 are fictitious designations representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies), corporation(s), and/or the agents, servants or employees of the aforesaid entities, which in any way owned, possessed, controlled, entrusted, insured, hired for and/or maintained any motor vehicle(s) which caused or contributed to the crash at issue herein, or who were otherwise responsible, in whole or in part, for the said crash or the injuries sustained by the plaintiff.

15. At or about the same time and place, the commercial motor vehicle(s) owned and operated by Defendants, United Parcel Service, Inc., and/or John Does 6-15 (fictitious designations), was/were unlawfully stopped, standing or parked on Lawrence Road, also known

4852-5740-7564, v. 1

as Route 206, at or near Green Avenue, in the Township of Lawrence, County of Mercer and State of New Jersey.

16. At or about the same time and place, Plaintiff, Alayna D'Angelo, activated her left turn signal, yielded to oncoming traffic and came to a stop on Lawrence Road, also known as Route 206, in order to lawfully turn left on to Green Avenue.

17. At or about the same time and place, the commercial motor vehicle owned by Defendant, Sea Box, Inc., and operated by Defendant, Harold Bolton, passed the unlawfully stopped, standing or parked commercial vehicle(s) and violently struck the rear-end of the plaintiff's vehicle.

18. As a result of the crash, Plaintiff, Alayna D'Angelo, suffered serious and permanent personal injuries requiring extensive medical treatment, including, but not limited to:

    a. traumatic brain injury;

    b. facial contusions and abrasions; and

    c. permanent spinal damage in the neck and back.

## COUNT I

19. Paragraphs 1 through 18 are incorporated herein by reference.

20. A direct and proximate cause of the crash and the injuries sustained by the Plaintiff, Alayna D'Angelo, was the negligence, carelessness, and recklessness of the Defendants, Harold Bolton, Sea Box, Inc., United Parcel Service, Inc., and John Does 1-15 (fictitious designation), and their agents, servants and employees, as follows:

    a. in operating their vehicles in a careless and negligent manner under the circumstances;

    b.    in operating their vehicles with no warning of approach or intended direction;

    c.    in failing to keep their vehicles under proper and adequate control under the circumstances existing at the time;

    d.    in failing to maintain a proper lookout for other vehicles on the roadway;

    e.    in failing to keep their vehicles under proper control so as to stop said vehicles within the assured, clear distance ahead;

    f.    in failing to provide warning of an impending collision;

    g.    in failing to notice Plaintiff's vehicle;

    h.    in failing to maintain their lane;

    i.    in failing to yield to other vehicles on the roadway;

    j.    in failing to take evasive action in order to avoid crashing into Plaintiff's vehicle;

    k.    in failing to apply their brakes in sufficient time in to avoid a crash;

    l.    in failing to make timely or any application of their brakes when by doing so a crash could have been avoided;

    m.    in following more closely than is reasonable and prudent under the circumstances;

    n.    in failing to operate their vehicles with due regard for the highway and traffic conditions which were existing and of which they should have been aware;

    o.    in disregarding traffic controls and/or conditions existing at the time;

    p.    in operating their vehicles without due regard for the rights, safety and position of other vehicles, including the plaintiff's vehicle;

4852-5740-7564, v. 1

q. in failing to operate their vehicles at a safe speed;

r. in operating their vehicles at a high and excessive rate of speed under the circumstances and for the conditions existing at the time;

s. in failing to exercise due care and proper judgment in an attempt to avoid a crash;

t. in operating their vehicles in a negligent manner by failing to obey the Motor Vehicle Code of the State of New Jersey;

u. in operating their motor vehicles while distracted;

v. in operating their vehicles in disregard of the rules of the road, the laws of the State of New Jersey, the ordinances and regulations of the local area where the crash occurred pertaining to the operation of a motor vehicle under the circumstances;

w. in otherwise committing such other acts or omissions which constitute negligence, carelessness, reckless and/or indifference to the safety of other motorists, such as the plaintiff, as shall appear through the course of discovery and/or trial;

x. in otherwise being negligent under the circumstances;

y. in negligently maintaining their vehicles;

z. in negligently entrusting their vehicles to individuals that they knew or should have known were negligent, careless, reckless or otherwise unqualified to operate or safely operate said vehicles; and

aa. in unlawfully stopping, standing or parking their vehicle(s) on the roadway.

21. At all times relevant hereto, Defendants, Harold Bolton, Sea Box, Inc., United Parcel Service, Inc., and John Does 1-15 (fictitious designation), and their agents, servants and

employees, are vicariously liable for the acts or omissions of their agents, servants and employees.

22. The negligence of Defendants, Harold Bolton, Sea Box, Inc., United Parcel Service, Inc., and John Does 1-15 (fictitious designation), and their agents, servants and employees, was the direct and proximate cause of the serious and permanent injuries suffered by the plaintiff, Alayna D'Angelo, which include, but are not limited to:

    a. traumatic brain injury;

    b. facial contusions and abrasions; and

    c. permanent spinal damage in the neck and back.

23. As a direct and proximate cause of the negligence of Defendants, Harold Bolton, Sea Box, Inc., United Parcel Service, Inc., and John Does 1-15 (fictitious designation), and their agents, servants and employees, Plaintiff, Alayna D'Angelo, has lost past, present and future wages and her earning capacity has been diminished.

24. As a direct and proximate cause of the negligence of Defendants, Harold Bolton, Sea Box, Inc., United Parcel Service, Inc., and John Does 1-15 (fictitious designation), and their agents, servants and employees, Plaintiff, Alayna D'Angelo, has incurred and will incur substantial medical expenses for the treatment of her injuries resulting from the crash.

25. As a direct and proximate cause of the negligence of Defendants, Harold Bolton, Sea Box, Inc., United Parcel Service, Inc., and John Does 1-15 (fictitious designation), and their agents, servants and employees, Plaintiff, Alayna D'Angelo, has incurred expenses relating to the damage to her vehicle from the crash including, but not limited to, rental car expenses.

4852-5740-7564, v. 1

26.     As a direct and proximate cause of the negligence of Defendants, Harold Bolton, Sea Box, Inc., United Parcel Service, Inc., and John Does 1-15 (fictitious designation), and their agents, servants and employees, Plaintiff, Alayna D'Angelo, has experienced physical and mental pain and suffering and has lost the ability to perform her usual activities and her usual occupation.

**WHEREFORE**, the Plaintiff, Alayna D'Angelo, demands judgment against all defendants, jointly and severally, for compensatory and special damages in excess of $75,000.00, for all causes of action as set forth in paragraphs 1 through 26, together with the costs of this action and any additional relief that this Court may deem proper.

Respectfully submitted,

s/Bryan M. Roberts

BRYAN M. ROBERTS (BR 5505)
STARK & STARK
P.O. Box 5315
Princeton, NJ 08543
(609) 896-9060
broberts@stark-stark.com

## JURY DEMAND

Plaintiff demands a jury for all triable issues.

Respectfully submitted,

s/Bryan M. Roberts

BRYAN M. ROBERTS (BR 5505)
STARK & STARK
P.O. Box 5315
Princeton, NJ 08543
(609) 896-9060
broberts@stark-stark.com

4852-5740-7564, v. 1